UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                    Case No.: 8:04-cr-554-JDW-TBM

WILFREDO TORRES

_____

**ORDER**

Before the Court is Defendant's Motion requesting that his term of supervised release be modified to run concurrently with his State of Florida sentence in Miami-Dade Circuit Court Case No. F82-776(A), *nunc pro tunc* to on or about December 4, 2009, when he completed his federal prison sentence and was returned to state custody (Dkt. 184). The United States opposes the motion, noting Defendant cites no authority for the requested relief and the requested relief would essentially terminate his term of supervised release after he has served only a month of supervision (Dkt. 186). Defendant's motion is **DENIED**.

When Defendant completed his federal prison sentence in this case, he was transferred to state custody to complete his state sentence for a parole violation. Defendant's term of supervised release began on or about March 20, 2023 when he was released from state custody. Notwithstanding Defendant's contention that he is not seeking early termination, that would effectively be the result of the requested relief.

Section 3583(e)(1) of Title 18, United States Code, authorizes early termination after one year of supervision if warranted by a defendant's conduct and termination serves the interest of justice. Supervised release is intended to "assist convicted felons in their transitions to community life." *See United States v. Boyd*, 606 Fed. Appx. 953, 959 (11th Cir. 2015).

Defendant's criminal history includes a 2d degree murder with a firearm conviction and a Florida parole violation for his federal conviction in this case. Considering his criminal history, the nature of his underlying federal offense, his brief supervision history,

and the factors in 18 U.S.C. § 3553(a), I find early termination is not warranted. Early termination would not promote respect for the law or deterrence and would not serve the interest of justice. And a hearing is not required or necessary. *See United States v. Reagan*, 162 F. App'x 912, 914 (11th Cir. 2006).

Moreover, the objective of supervised release as a "form of postconviction monitoring" would be unfulfilled if Defendant's term of supervision was to run concurrent with his state sentence *nunc pro tunc* to December 4, 2009 (and effectively terminated), since "supervised release has no statutory function until confinement ends." *Mont v. United States*, 139 S.Ct. 1826, 1833 (2019); *United States v. Johnson*, 529 U.S. 53, 57-58 (2000). Indeed, the relevant statute expressly provides that a "term of supervised release does not run during any period in which the person is imprisoned . . . for a Federal, State, or local crime . . ." 18 U.S.C. § 3624(e).

**DONE** and **ORDERED** on April 25, 2023.

*James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies furnished to:
Defendant
Counsel of Record
U.S. Probation